IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MISTY DAWN TRAEGER, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:24-CV-1708-X-BW | |
| § | | |
| JOSHUA JONES, et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff Misty Dawn Traeger's Complaint for Violation of Civil Rights and Motion Seeking Leave of the Court to Correct Filings for Civil Rights, received on July 3, 2024 and July 17, 2024, respectively. (Dkt. Nos. 3, 6.) The Court **GRANTS** the motion for leave, and based on the relevant filings and applicable law, the Court should **DISMISS** the Complaint, as supplemented, with prejudice.

## I. BACKGROUND

On July 3, 2024, Traeger filed this civil rights action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 288 (1971), against an Illinois Assistant State's Attorney ("ASA"), the United States Marshals Service ("USMS"), and the Dallas Marshal Service ("DMS"). (*See* Dkt.

---

[1] By Special Order No. 3-251, this pro se case has been referred for full case management. By Special Order No. 3-354, this case was transferred and reassigned to the undersigned on August 23, 2024. (*See* Dkt. No. 7.)

No. 3 at 2-3.)[2]  She filed a supplement to her complaint on July 17, 2024.  (*See* Dkt. No. 6 at 3-27.)

As alleged by Traeger, she was the sole custodian of her two children with John Thomas III and was residing outside the State of Illinois—out of which she had moved and where Thomas resided—when the State's Attorney of Adams County, Illinois ("SA") charged her with child abduction on April 10, 2018.[3]  (*See id.* at 7-8, 10.)  SA then had a warrant issued for Traeger on April 12, 2018, before giving the case to ASA.  (*See id.* at 10.)  Under SA's authority, a grand jury proceeding was conducted on July 12, 2018, at which ASA intentionally made false statements about Traeger and withheld evidence of her innocence, namely that she "is the biological unwed mother and sole custodian of the two children."  (*Id.* at 10-11; *see also id.* at 13.)  Before this proceeding, ASA had unlawfully obtained access to Traeger's and her husband's financial and bank records, emails, and Amazon account, and the grand jury proceeding was held to "cover up the fact they needed the permission of the grand jury first before proceeding any further."  (*Id.* at 11.)  In a conspiracy with others against Traeger, ASA "allowed and misled other federal and state authorities" to take action against Traeger.  (*Id.* at 13; *see also* Dkt. No. 3 at 4.)

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Traeger complains about various acts by SA, but she does not name him as a defendant in this action.  (*See* Dkt. No. 3 at 1-3.)  Instead, she filed a separate civil action against him in this Court based on the same underlying events.  *See Traeger v. Farha*, No. 3:24-CV-2253-E-BW (N.D. Tex. Sept. 3, 2024).

On July 18, 2018 and without Traeger's knowledge, the USMS, DMS, and Child Protective Services ("CPS") of Texas removed Traeger's children from the front yard of their home on a Bible college campus in Dallas. (*See* Dkt. No. 6 at 6, 11-12.) They also blocked the entrance to Traeger's home before breaching it without a warrant, identification, or body cameras, held Traeger back, and hit Traeger in the face. (*See id.* at 11-12, 15; Dkt. No. 3 at 5.) When she informed them that she was pregnant, they mocked and laughed at her; they also beat up her husband, handcuffed him, and threw him to the floor, and destroyed several of her children's belongings. (*See* Dkt. No. 6 at 12.) They did not allow Traeger to see her children, did not read Miranda rights to her, and took her to jail. (*See id.* at 12-13.) In the meantime, her two children were kept overnight by CPS without an emergency hearing, food, water, clothing, or someone they knew; the children were subsequently removed from Texas. (*See id.* at 13-14.) On October 11, 2018, ASA had a forged Texas Governor's warrant issued to prevent the return of Traeger's children to her. (*See id.* at 6, 14, 21.)

A second grand jury proceeding took place in June 2020, at which ASA again presented false statements and failed to present the previously mentioned evidence of Traeger's innocence. (*See* Dkt. No. 3 at 4; Dkt. No. 6 at 5-7, 11.) Traeger was arrested three times between July 2018 and April 2020 and was jailed for over 21 days without seeing a judge. (*See* Dkt. No. 3 at 4; Dkt. No. 6 at 9, 13.) Traeger alleges that ASA refused her "when she asked to see all the records concerning the contrived felony matter 2018-CF-289" and that her "criminal matter was expunged

in 2021." (Dkt. No. 6 at 14, 16.) She seeks various forms of relief, including the return of her two children, court costs, compensatory damages, punitive damages, injunctive relief, and declaratory relief. (*See* Dkt. No. 3 at 5; Dkt. No. 6 at 17-20.)

## II.  PRELIMINARY SCREENING

Because Traeger has been granted leave to proceed in forma pauperis, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.* at 555. The same analysis for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

4

### III. SECTION 1983

Traeger sues under 42 U.S.C. § 1983 for alleged violation of her rights. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See, e.g., Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

**A.** *Heck* **Bar**

As an initial matter, it appears that several of Traeger's claims may be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). *Heck* provides that to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87. A claim that fails to satisfy this rule announced in *Heck* is legally frivolous. *See Hamilton v. Lyons,* 74 F.3d 99, 102 (5th Cir. 1996).

Traeger alleges that "she was legally expunged of the crime of child abduction" in 2021, but she states no more than legal conclusions to support this allegation. (Dkt. No. 6 at 14; *see also id.* at 16.) In any event, because the issues in this case are appropriate for early and final determination, consideration of whether *Heck* bars any of Traeger's claims is not required. *See, e.g.*, *Smithback v. 265th Judicial Dist. Court*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues.").

## B. Statute of Limitations

Courts "may raise the defense of limitations sua sponte." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of

limitations for personal injury claims, so Traeger had two years from the date her claims accrued to file suit. *See id.*

While state law determines the length of the limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (internal citations omitted). Traeger's claims accrued, and the limitations period began to run, when she knew or had reason to know of the injuries that are the basis of her action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Here, ASA allegedly acted unlawfully and violated Traeger's rights in 2018 when he pursued a child abduction action against her in Illinois. (*See* Dkt. No. 6 at 10-11, 13-14.) Because of ASA's actions, Traeger was allegedly subjected to a warrantless entry into and search of her home, excessive force, unlawful arrest and detention, and removal of her children on July 18, 2018 in Dallas, after which her children were removed from the state. (*See id.* at 6, 11-15.) ASA then allegedly

violated Traeger's rights at a grand jury proceeding in June 2020. (*See* Dkt. No. 3 at 4; Dkt. No. 6 at 5-7, 11.) In connection with her claims, Traeger alleges that she was arrested three times between 2018 and 2020. (*See* Dkt. No. 3 at 4; Dkt. No. 6 at 9, 13.) Traeger expressly states that the events giving rise to her claims occurred on July 12, 2018, July 18, 2018, and June 18, 2020. (*See* Dkt. No. 3 at 4.)

Although Traeger alleges that she was unaware of the 2018 child abduction proceedings against her in Illinois and the events leading up to same, she was aware of the events of June 18, 2018—namely, the entry into and search of her home, her detention and arrest, and the removal of her children—when they occurred because she was present. (*See* Dkt. No. 6 at 9-13.) She also was aware of each of her three arrests from June 2018 to April 2020. To the extent she was unaware of the prior events giving rise to her claims, the circumstances of June 18, 2018 would have led "a reasonable person to investigate further." *Piotrowski*, 237 F.3d at 576.

Because she was aware of the alleged violations on June 18, 2018 and her own arrests when they occurred, and would have been prompted to investigate further based on those events, her causes of action accrued no later than 2020.[4] She did not file her complaint until 2024, approximately two years after the two-year statute of

---

[4] Traeger alleges that she was "made aware" in 2023 that "all three of the credit bureaus reflect that I am a wanted fugitive of child abduction," which prevents her from obtaining employment in her desired field. (Dkt. No. 3 at 8; *see also* Dkt. No. 6 at 18.) To the extent she sues ASA under § 1983 for this alleged injury, she fails to allege any facts—much less plausible ones—to show a constitutional violation by ASA, acting under the color of state law, pertaining to the contents of credit files maintained by independent, third-party credit bureaus. Accordingly, any reliance on this allegation to sustain Traeger's lawsuit is unavailing as she still fails to state a claim upon which relief may be granted; the Court should dismiss her § 1983 claims on this additional basis.

limitations expired. Her claims are therefore barred by the statute of limitations, absent equitable tolling.[5]

The applicable limitations period may be equitably tolled in appropriate circumstances, and "[b]ecause the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "[E]quitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citation and internal quotation marks omitted). It applies only in "rare and exceptional circumstances," and applies principally in cases where a plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting her rights. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Traeger asserts no basis for equitably tolling the applicable statute of limitations in this action. She therefore fails to establish circumstances warranting equitable tolling, and her § 1983 claims are barred by the statute of limitations. A complaint that is barred by the statute of limitations is frivolous and fails to state a claim. *See Pantoja v. Fort Worth Tex. Police Dep't*, 543 F. App'x 379, 379-80 (5th Cir. 2013) (affirming district court's dismissal of time-barred complaint as frivolous and

---

[5] Even if the Court assumes that the accrual of her claims was triggered by the alleged expungement of her child abduction offense in 2021, she still did not file this action until after the two-year limitations period, which would have expired in 2023.

for failure to state a claim). The Court should therefore dismiss Traeger's claims under § 1983 as frivolous and for failure to state a claim.

## IV. *BIVENS*

Traeger also sues under *Bivens* in this action. (*See* Dkt. No. 3 at 3-4; Dkt. No. 6 at 3.) In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *See Bivens*, 403 U.S. at 388-98. *Bivens* mirrors but is not "'the substantial equivalent of 42 U.S.C. § 1983.'" *Ziglar v. Abbasi*, 582 U.S. 120, 132 (2017) (citation omitted). It only provides a remedy for victims of constitutional violations by federal government officers in their individual capacities; it does not provide for a cause of action against a federal agency or the United States. *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). This is because the purpose of a *Bivens* action is to deter a federal officer from violating a person's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).

The only federal defendant in this action is USMS. (*See* Dkt. No. 3 at 3.) Because USMS is a federal agency, Traeger cannot bring an action against it under *Bivens*. *See Meyer*, 510 U.S. at 486; *Shalala*, 164 F.3d at 286. Further, even if Traeger had sued individual federal officers of the USMS in their individual capacities under *Bivens*, her claims against them would still fail. As with § 1983, federal courts look to the law of the forum state to determine the applicable statute of limitations period in

*Bivens* cases. *See Wallace*, 549 U.S. at 387. Applying Texas law, the Fifth Circuit has held that the statute of limitations period for a *Bivens* claim is two years. *See Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). A cause of action under *Bivens* "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (citation and internal quotation marks omitted).

For the same reasons previously discussed, Traeger's claims against any federal officers of the USMS are barred by the statute of limitations. She was aware of the alleged unlawful acts of USMS when they occurred on July 18, 2018, and she does not complain about any other acts of USMS beyond that date. Her causes of action against any federal officers of USMS therefore accrued on July 18, 2018. She did not file her complaint in this action until approximately four years after the two-year statute of limitations expired, and she provides no basis for equitably tolling the limitations period.[6]

Accordingly, the Court should dismiss any *Bivens* claims against the USMS, or any federal officer thereof, as frivolous and for failure to state a claim.

## V. OTHER STATUTES

In her supplement to the complaint, Traeger also lists 42 U.S.C. §§ 1985(2)-(3), § 1986, and § 1988, and the "Brady Act" as bases for relief. (Dkt. No. 6 at 4.)

---

[6] To the extent Traeger's filings can be liberally construed to allege that the USMS also arrested her the other two times she was arrested between July 2018 and April 2020, any claims arising from those arrests accrued no later than 2020, and she filed this action approximately two years after the two-year limitations period would have expired.

11

Relevant here, the second part of § 1985(2) "'proscribes conspiracies that interfere with the administration of justice in state court,'" while "§ 1985(3) proscribes conspiracies 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Gonzalez v. Gillis*, No. 21-60634, 2023 WL 3197061, at *4 (5th Cir. May 2, 2023) (unpublished) (citation omitted); *see also* 42 U.S.C. §§ 1985(2)-(3). The limitations period for § 1985 suits filed in Texas is two years from the date the claims accrued. *See Beckwith v. City of Houston*, 790 F. App'x 568, 575-76 (5th Cir. 2019).

For the same reasons discussed regarding Traeger's claims under § 1983, her claims under § 1985 are also barred by the statute of limitations. Even if they were not time-barred, a viable claim under both § 1985(2) and § 1985(3) requires allegations showing that two or more individuals conspired and were motivated by racial animus. *See, e.g.*, *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) ("'[I]n this circuit . . . the only conspiracies actionable under section 1985(3) are those motivated by racial animus.'"); *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019) (listing elements of a § 1985(3) claim); *Daigle v. Gulf State Utils. Co., Local Union No. 2286*, 794 F.2d 974, 979 (5th Cir. 1986) (holding that the animus requirement of § 1985(3) applies to claims under § 1985(2)).

Although Traeger makes conclusory assertions that ASA and others conspired against her because she is Native American and a woman, she fails to plead any facts supporting the existence of a conspiracy between ASA and any other defendant or

state actor, much less any facts showing that ASA or any other alleged conspirators acted *because of* Traeger's race.  Traeger's legal conclusions and threadbare recitals are insufficient to state a plausible claim to relief under § 1985(2) or § 1985(3).  *See Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because a claim under § 1986 is dependent on a plaintiff's successful pleading of a § 1985 claim and Traeger has not stated a claim upon which relief may be granted under § 1985, she also has failed to state a claim under § 1986.  *See Bradt v. Smith*, 634 F.2d 796, 801-02 (5th Cir. 1981).  Additionally, to the extent Traeger sues under § 1988, that section instructs courts on what law to apply in federal civil rights cases and "does not provide for a separate cause of action, only for recovery of attorney's fees and expert fees to parties prevailing on certain other causes of action." *Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012).  Traeger therefore fails to state a claim upon which relief may be granted under § 1988 and, to the extent she seeks fees under § 1988 for litigating this lawsuit, she is not a prevailing party and therefore is not entitled to fees.

As noted, Traeger also alleges "[v]iolation of the Brady Act."  (Dkt. No. 6 at 4-5.)  "The Brady Act is designed to prevent federally licensed firearms importers, manufacturers, and dealers from selling handguns to ineligible persons." *Koog v. United States*, 79 F.3d 452, 454 (5th Cir. 1996); *see also* Pub. L. No. 103-159, 107 Stat. 1536 (1993).  Traeger does not make a single factual allegation pertaining to a

violation of the Brady Act, and therefore fails to state a plausible claim to relief under it.[7] She therefore fails to state a plausible claim to relief under the Brady Act.

For these reasons, the Court should dismiss any claims asserted under § 1985, § 1986, § 1988, and the Brady Act as frivolous and for failure to state a claim.

## VI.  LEAVE TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  Here, Traeger has already filed a 24-page supplement to her complaint in this case, which the Court has considered, and her complaint, as supplemented, fails to state a claim upon which relief may be granted.

The time to file objections to this recommendation allows Traeger an opportunity to cure the deficiencies discussed by the Court and thereby show the Court that her case should not be dismissed with prejudice at this time and that she should instead be granted leave to amend.  *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial

---

[7] If Traeger is attempting to reference some other statute, she provides no information regarding same.

complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects may be cured, a district court may deny leave." (internal citations omitted)).

If Traeger fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## VII. RECOMMENDATION

The Court should **DISMISS** the Complaint, as supplemented, with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted unless, within the time to file objections, Traeger satisfactorily shows a basis to amend the Complaint to allege a plausible claim.

**SO RECOMMENDED** on March 3, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).